### RIGHT TO EQUITABLE SET-OFF.

Circuit Court of Cuyahoga County.

THE MASSACHUSETTS BONDING & LIFE INSURANCE COMPANY V.
CORNELIUS A. FISH ET AL.

· Decided, June 2, 1911.

*Equitable Set-off—Note Held by Bank Assigned to Another After Maturity—Deposits in Bank Set-off Against Same.*

Where husband and wife are jointly indebted to a bank upon a promissory note and one of them deposits money to his own credit in the bank •and it, after maturity of the note, assigns the same to another, of which assignment the makers of the note have no notice, and one of them continues to make deposits in the bank which later becomes insolvent, upon suit being brought upon the note, the deposits made in the bank both before and after the assignment of the note may be set off against the amount due thereon.

*Brady, Dowling & Hole,* for plaintiff in error.
*White, Johnson & Cannon,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The judgment in this case must be affirmed.

"The holder of a promissory note, who took it after maturity, holds it subject to every objection, including equitable set off, to which it was subject in the hands of his assignor." *Baker* v. *Kinney,* 41 O. S., 403.

"In equity there are many exceptions to the technical rule that joint and separate debts can not be set off against each other, and insolvency is a sufficient ground for such exception." 12 Michie Digest, 328, and cases cited.

The insolvency of the bank was sufficiently shown by proof of its assignment for the benefit of its creditors.

The full amount of the deposit was properly set off against the note, including that part deposited after the transfer of the note to the bonding company, but before notice thereof to the makers.

In *Follett* v. *Buyer,* 4 O. S., 586, 591, it is said by Judge Thurman:

"When an overdue or non-negotiable note is assigned, the assignee takes it subject to all the equities existing between the payee and the maker; and hence it is competent for the latter, notwithstanding the assignment, to show that it was obtained by fraud, or without consideration, or that before he received notice of the assignment it had been paid or otherwise discharged. So, too, he may set off any liquidated demands which he held against the payee when he first obtained information of the assignment," etc.

No prejudice resulted from erroneous rulings on evidence called to our attention; they all related to the claim that Fish was principal and his wife surety on the note. The right to equitable set off in this case grows out of the insolvency of the bank and not the relation of principal and surety on the note. Evidence erroneously admitted on the latter point would have no prejudicial effect upon the case; there was enough competent evidence to warrant the judgment without it.

Judgment affirmed.